UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA MERCADO, individually and as )
administrator of the estate of )
CARLOS MERCADO, )
                                               )      **COMPLAINT**
               Plaintiff, )
                              )      **JURY TRIAL DEMANDED**
           -against- )
)
THE CITY OF NEW YORK, )
CORIZON HEALTH, INC., JOHN and )
JANE DOES, and JOHN and JANE ROES, )
)
               Defendants. )
------------------------------------------------------------X

14 CV 6775

RECEIVED AUG 21 2014 U.S.D.C. S.D.N.Y.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments; and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's and decedent's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of having been appointed the administrator of the estate of CARLOS MERCADO. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff LINDA MERCADO is a resident of the City and State of New York, and is the sister of, and administrator of the estate of, CARLOS MERCADO.

8. CARLOS MERCADO was, at the time of the incident complained of herein, a resident of the City and State of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department and correction department which act as its agent in the

area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and correctional services, and the employment of police and corrections officers as said risk attaches to the public consumers of the services provided by them.

10. Defendants JOHN and JANE DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, and/or the New York City Department of Correction, municipal agencies of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual and agency capacities.

11. Defendant CORIZON HEALTH, INC., is a corporation that has contracted with THE CITY OF NEW YORK to provide health services to pretrial detainees in the custody of the New York City Department of Correction. CORIZON HEALTH, INC., engages in business in the State of New York and is subject to personal jurisdiction in this district; and has provided health care services on behalf of THE CITY OF NEW YORK.

12. Defendants JOHN and JANE ROES were at all times relevant herein employees or agents of CORIZON HEALTH, INC., and were acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of CORIZON HEALTH, INC., and otherwise performed and engaged in conduct incidental to their lawful

functions in the course of their duties. They were acting for and on behalf of THE CITY OF NEW YORK and CORIZON HEALTH, INC., at all times relevant herein, with the power and authority vested in them as agents and employees of THE CITY OF NEW YORK and CORIZON HEALTH, INC., and incidental to their duties as agents and employees of THE CITY OF NEW YORK and CORIZON HEALTH, INC. They are sued in their individual and agency capacities.

## STATEMENT OF RELEVANT FACTS

13. CARLOS MERCADO was born on October 15, 1967. He suffered from juvenile onset Type 1 diabetes.

14. CARLOS MERCADO was arrested on August 22, 2013. He was arraigned in Kings County Criminal Court on August 23, 2013, when bail was set. Following his arraignment, CARLOS MERCADO was transported to Rikers Island and housed at the Anna M. Kross Center.

15. CARLOS MERCADO went into a diabetic coma on the morning of August 24, 2013, and died shortly thereafter without regaining consciousness. The Office of the Chief Medical Examiner of THE CITY OF NEW YORK's autopsy report stated that CARLOS MERCADO's cause of death was Diabetes Mellitus.

16. CARLOS MERCADO requested medical treatment for his diabetic condition from defendants DOES and ROES prior to his lapse into a coma, but none was provided. Other prisoners also requested that defendants DOES and ROES provide medical care to CARLOS MERCADO, but none was provided. Based upon documents of the Correctional Health Services of THE CITY OF NEW YORK, and the Office of the Chief Medical Examiner of THE CITY

OF NEW YORK's autopsy report, CARLOS MERCADO went into the coma while being held in a medical clinic holding area after having been seen by medical personnel.

17. Furthermore, CARLOS MERCADO had been incarcerated at Rikers Island on prior occasions, and he had received treatment for diabetes during those prior stays. Consequently, THE CITY OF NEW YORK was on notice that CARLOS MERCADO suffered from diabetes. Nonetheless, CARLOS MERCADO received no treatment for his diabetic condition from the time of his arrest on August 22, 2013, until he went into a coma on August 24, 2013.

18. Plaintiff LINDA MERCADO received financial support, society, guidance and assistance from CARLOS MERCADO.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

19. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20. By their conduct and actions in failing to provide medical treatment to CARLOS MERCADO, who was suffering from a serious medical condition, and by failing to intercede to prevent the complained of conduct, defendants DOES and ROES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.

21. As a result of the foregoing, plaintiff and CARLOS MERCADO suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK AND CORIZON HEALTH, INC., FOR CONSTITUTIONAL VIOLATIONS

22. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23. At all times material to this complaint, defendants THE CITY OF NEW YORK and CORIZON HEALTH, INC., had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. At all times material to this complaint, defendant THE CITY OF NEW YORK and CORIZON HEALTH, INC., failed to properly train, screen, supervise, or discipline employees, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants DOES and ROES.

25. At all times material to this complaint, defendants THE CITY OF NEW YORK and CORIZON HEALTH, INC., failed to put adequate policies in place concerning the treatment of persons suffering from diabetes while in custody, and failed to properly train officers and employees concerning such assessment and treatment.

26. At all times material to this complaint, defendants THE CITY OF NEW YORK and CORIZON HEALTH, INC., failed to provide adequate medical care to detainees.

27. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional

conduct alleged herein, causing injury and damage in violation of plaintiff's and CARLOS MERCADO's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.

28.     As a result of the foregoing, plaintiff and CARLOS MERCADO suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

## THIRD CLAIM

## WRONGFUL DEATH

29.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30.     The acts and conduct of defendants caused the death of CARLOS MERCADO, and violated plaintiff's and CARLOS MERCADO's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31.     As a result of the foregoing, plaintiff and CARLOS MERCADO suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

## FOURTH CLAIM

## MEDICAL MALPRACTICE

32.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. Through the acts or omissions described above, defendants ROES deviated from the acceptable standards of medical care during their evaluation and treatment of CARLOS MERCADO.

34. Defendants ROES, jointly and severally, caused death, injury, pain and suffering, and damage to plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to CARLOS MERCADO and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35. As a result of the foregoing, CARLOS MERCADO suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

## FIFTH CLAIM

### NEGLIGENCE

36. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. Defendants, jointly and severally, negligently caused death, injury, pain and suffering, and damage to plaintiff and CARLOS MERCADO. The acts and conduct of defendants were the direct and proximate cause of death, injury and damage to plaintiff and CARLOS MERCADO and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

38. Defendants THE CITY OF NEW YORK and CORIZON HEALTH, INC., negligently hired, screened, retained, supervised, and trained the individual defendants DOES and ROES. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and CARLOS MERCADO and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39.     As a result of the foregoing, plaintiff and CARLOS MERCADO suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

## SIXTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND CORIZON HEALTH, INC., FOR STATE LAW VIOLATIONS

40.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

41.     The conduct of defendants DOES and ROES, alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police and/or corrections officers, and/or while they were acting as agents and employees of defendants THE CITY OF NEW YORK and CORIZON HEALTH, INC., and, as a result, defendants THE CITY OF NEW YORK and CORIZON HEALTH, INC., are liable to the plaintiff and CARLOS MERCADO pursuant to the state common law doctrine of respondeat superior.

42.     As a result of the foregoing, plaintiff and CARLOS MERCADO suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           August 21, 2014

_____
DAVID B. RANKIN, Esq.
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 226-4507


_____/s/_____
MICHAEL L. SPIEGEL, Esq.
11 Park Place, Suite 914
New York, New York 10007
(212) 587-8558
*Attorneys for Plaintiff*