# Rankin & Taylor
**Attorneys at Law**
_____

| | |
|---|---|
| 11 Park Place, Suite 914 | David@DRMTLaw.com |
| New York, New York 10007 | Phone: 212-226-4507 |
| | Fax: 212-658-9480 |

**VIA ECF ONLY**

March 2, 2015

Hon. Judge Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      **Re:**    **Mercado v. The City of New York, et al.**
              **14 CV 6775 (KBF)**

Your Honor:

     I am among counsel for the plaintiffs, the Mercado family. Pursuant to Your Honor's rules of individual practice and the local rules of this court, I write to respectfully request a pre-motion conference to discuss plaintiffs' anticipated motion to compel discovery. Should Your Honor deem this to be a four page letter by including the footnotes, respectfully, plaintiff moves for Your Honor to consider a four page discovery dispute letter.

### A brief summary of the litigation

     The limited discovery so far produced has taken what we understood to be a tragedy and showed it to be a callous disregard for human life. Mr. Mercado was arrested during the afternoon of August 22nd and arraigned in Kings County and eventually taken to Rikers Island after bail was set. Mr. Mercado passed away during the morning hours of August 24th after he repeatedly plead for treatment of his diabetes and was ignored.

     A summation of some of the video as described by the New York State Commission of Correction (received in response to subpoena) tells us that:

> "at 10:45 pm, Officer E.J. approached pen #3 and opened the door. Mercado fell out of the pen on to the floor in front of Officer E.J. Mercado was lying initially face down on the floor and was observed briefly rolling back an and forth. At 10:46 p.m., Officer E.J. was observed stepping over Mercado while he was on the floor."

New York State Commission of Correction – Final Report, Attached as Exhibit 1, Pg. 4.

     On November 14, 2014, plaintiffs served discovery demands on the defendants. On November 26, 2014, defendants' initial disclosures were produced. These disclosures

provided video clips, but did not include software to play said videos. On January 8, 2015, the defendants mailed written responses to our discovery demands. These written responses were entirely devoid of adequate responses or any documents.

### Defendants have wholly failed to meet their discovery obligations

In response to plaintiffs' interrogatories and document demands, the defendants responded solely with a litany of objections. Defendants' responses are attached as Exhibit 2. Judge Kaplan confronted a similar situation and reasoned as follows:

> Defendants responded […] with boilerplate objections that included unsubstantiated claims of undue burden, overbreath and lack of relevancy. In fact produced no documents and answered no interrogatories. Its responses are a paradigm of discovery abuse.

*Jacoby v. Hartford Life*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

While the documents produced by the City of New York are wholly inadequate, there have been no documents at all produced by defendant Corizon. Further, it appears that Corizon has completely stonewalled the New York State Commission of Correction in their investigation of Mr. Mercado's death. (See, Exhibit 1 Pg. 11.)

On February 17, 2015, plaintiffs delivered a 16-page deficiency letter delineating the shortcomings in the defendants' responses, attached as Exhibit 3. On February 26, 2015, the parties conferred and the defendants largely abandoned their previous objections. A letter memorializing this conversation is attached as Exhibit 4.

The defendants agreed on February 26, 2015 to produce a substantial number of items. These items are listed as Exhibit 5, the plaintiff respectfully requests the Court Order the undisputed items production by March 20, 2015. Defendants believe a Court Order as unnecessary has they are intending to produce the enumerated documents.

### Disputed discovery

Defendants are resisting production of a number of items. Unfortunately, the manner of their objections is again wholly deficient. The requests which the defendants object to are as follows:

- Medical documents relating to Mr. Mercado's prior arrests are objected to based upon a HIPAA objection. [1]
- Names and last known address of witnesses who were in detention alongside Mr.

---

[1] **REQUEST No. 6:** Without time limitation, produce all documents concerning decedent MERCADO's prior arrest(s) and detention(s), including but not limited to all documents concerning decedent's medical, physical, and mental conditions. Objection overbroad. According to decedent's arrest history annexed as Exhibit A of City 11/25/14 Initial Disclosures, he has been arrested 16 times since March 18, 1989. Nine of those arrests are beyond NYPD's 10 year retention policy.

       Mercado is objected to based upon a C.P.L. § 160.50 objection.[2]
- Policies governing the conduct of defendants is objected to as vague.[3]
- A request for all documents created from August 1, 2003, investigating interactions between City or Corizon employees with diabetic persons requiring or requesting medical attention.[4]
- A request for lawsuits against the City of New York – specifically the NYPD or DOC - related to diabetic individuals is objected to based upon burden.[5]
- A request for lawsuits against Corizon involving medical care of a diabetic is being resisted except for the prior five years based upon burden.[6]
- The profit and loss statements for Corizon are being resisted except for the two most recent years.[7]

---

[2] **REQUEST No. 12:** For the period August 22, 2013 to August 23, 2013 (from the time decedent MERCADO was initially detained bty NYPD officers until his death), identify all persons who were in custody of the City at the same time and specific location (i.e. in the same vehicle, cell, holding area, ect.) with decedent MERCADO.  Objection, Privileged and confidential.  Without individual authorizations or a judicial order the City cannot provide personal identifying information of people who have been arrested and not necessarily convicted as their information may be sealed pursuant to NY CPL 160.50 and if privileged and confidential pursuant to other statutes and case law.  Notwithstanding and without waving the above objections, Exhibit G to the City's 11/25/14 Initial Disclosures contains nine witness statements from other Rikers' inmates.

[3] **REQUEST No. 14:** Produce any and all documents concerning any policies or procedures that defendants claim governed their conduct concerning medical care for decedent MERCADO during the period August 22, 2013, to August 24, 2013.  See response to number 13 above [from number 13 "A request has been made to DOC and Corizon for any written policies regarding the intake, custody and care of diabetic persons in effect in August of 2013.] and sloe see document indexed here: http://www.SCOC.NY.gov/manuals.htm.

[4] **REQUEST No. 16:** Produce all documents created from August 1, 2003, to present concerning investigations into interactions between employees of the City and/or Corizon with diabetic persons requiring or requesting medical attention.  Response:  Objection.  Overbroad and burdensome as to "employees of the City of New York" for the past 11 ½ years.  This request is vague, unclear and seeks information that is not material or relevant to any issue in this action.  Notwithstanding and without waiving any objections, a request has been made to DOC and Corizon to provide any documents concerning any investigations(s) concerning DOC or Corizion employees and the death of any diabetic persons in DOC Custody from August, 2008 to August 2013.

[5] **REQUEST No. 22:** For the period from August 1, 2003, to present, produce all lawsuits filed in state and/or federal court alleging negligence and/or deliberate indifference, including wrongful death, concerning the medical care of a diabetic person in custody of the NYPD and/or DOC.  Objection.  Impossible to comply with as worded.  The Corporation counsel has never indexed cases in a [sic] such a way and therefore has no way of searching past cases involving the medical care of a diabetic person.

[6] **REQUEST No. 23:** For the period from August 1, 2003, to present, produce all lawsuits filed in state and/or federal court alleging negligence and/or deliberate indifference, including wrongful death, concerning the medical care of a diabetic person by Corizon or any of its predecessor entities.  Objection as to the 11 ½ year times span.  A request has been made to Corizon for any lawsuits it is aware of where Corizon was a named defendant involving medical care of a diabetic person from August, 2008 to August 2013.

[7] **REQUEST No. 29:** Produce Corizon's annual Profit and Loss Statements from 2008 to the present: Objection as to the request for 7 years worth of records pursuant to M v. County of Alameda, 2014 US Dist. LEXIS 44852 (N.D.Cal. Mar. 29, 2014).  A request has been made to Corizon for their two most recent annual profit and loss statements.

- Request for entry upon land is being resisted based upon a burden objection.[8]

All of these objections fail or are not properly interposed. First, objecting to the disclosure of medical information, it is curious that the defendants are resisting production of medical records which belong or concern the decedent based upon HIPAA. Should the defendants request releases for this information, such releases would be forthcoming.

Second, in order for the City to even raise an objection sounding in C.P.L. § 160.50, it needs to show that the witnesses actually had their cases sealed. As to the merits of any § 160.50 objection, to the extent defendants rely on that state law privilege to avoid their discovery obligations under the Federal Rules of Civil Procedure, such privileges fail since "[q]uestions of privilege in cases involving federal claims are governed by federal law." *Thompson v. Lynbrook Police Dep't*, 172 F.R.D. 23, 25 (E.D.N.Y. 1997).

The remaining objections are in one way or another based upon burden. However, in order to sustain an objection based upon burden, the defendants must submit a declaration or evidence revealing the nature and scope of the burden. *Compagine Francaise D'Assurance v. Phillips Petroleum Co.*, 105 F.R.D. 16, 41 (S.D.N.Y. 1984). Here they insufficiently recite burdens existence without proof.

Respectfully, plaintiffs request these documents be ordered to be produced or the Court grant the parties a brief motion schedule to litigate these issues more fully.

Thank you for your attention to these matters.

Respectfully submitted,

David B. Rankin

DBR/
Attachments
cc: A.C.C. John Orcutt (*via ECF only*)
M. Spiegel (*via ECFonly*)
Plaintiff (*via first class mail – without enclosures*)

---

[8] Plaintiff hereby request that defendants permit entry upon land and/or property to inspect, videotape, and/or photograph all areas where decedent MERCADO was held in custody during the period August 22, 2013 to August 24, 2013 (from the time decedent MERCADO was initially detained by NYPD officers until his death). Objection. City previously provided photographs of the holding cell where plaintiff became ill and over 13 hours of video of the intake area from multiple video angles. The security, procedural and financial hurdles to the NYPD and DOC clearly outweigh the need of plaintiffs' expert to inspect the area. DOC processes hundreds of prisoners each day and delaying their transport to Rikers would affect Central Booking and Precincts in al five boroughs. Additionally, the City would be unable to guarantee the safety of anyone attending any on-site inspection.