Exhibit 3

# Rankin & Taylor
## Attorneys at Law

11 Park Place, Suite 914
New York, New York 10007

David@DRMTLaw.com
Phone: 212-226-4507
Fax: 212-658-9480

**VIA HAND DELIVERY ONLY**

February 17, 2015

John Orcutt
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007

    Re:    Linda Mercado, individually and as administrator of the estate of CARLOS MERCADO, v. The City of New York, et al.
            <u>14-CV-6775 (KBF)</u>

Dear Mr. Orcutt:

    We write to enumerate the deficiencies with the City's discovery responses. I have attached your response to our demands at Exhibit 1 for your convenience. In an effort to avoid unnecessary motion practice, please let us know when you will be providing the requested documents or information, and as to any documents or information you decline to provide, please provide a privilege log and the basis for declining production, and a firm date for production of documents which defendants will be voluntarily producing.

    While we appreciate counsel's efforts to obtain the requested documents, under the Fed.R.Civ.P. 33(b)(2), defendants were required to respond and produce by December 14, 2014, over two months ago. We will move the court to enforce compliance if these documents are not forthcoming.

## Problems with Individual Interrogatory and Document Responses
### Problems with Documents Produced

    For ease of reference, we have provided Bates numbers for the documents you produced. Please find these in the enclosed CD.

| | |
|---|---|
| NYC Bates Nos. 7, 8, 12, 13, 14, 15, 36, 56, 57, 59, 78, 80, 81, | Please include the justification for the redactions in a privilege log or provide an unredacted document. |

1

| | |
|---|---|
| 148, 201, 202, 203, 221, and 222 | |
| NYC Bates Nos. 20, 21, 63, 185, 209, 210, 211, and 238 | Please provide clearer copies of these documents |

### A. Request for a privilege log

In response to plaintiffs' Interrogatories Nos. 12, and 13, and Document Requests Nos. 3, defendants interposed a number of privileges. However, the manner in which defendants purported to invoke those privileges is in violation of the privilege log requirement of Local Rule 26.2. If you intend to assert privileges, please supplement your responses by supplying a legally sufficient privilege log so plaintiffs can evaluate the appropriateness of those privileges. Without a privilege log that meets the requirements of Fed.R.Civ.P. 26(b)(5) and Local Rule 26.2(b), we cannot adequately assess the basis for the privilege asserted.

Additionally, should you continue to assert privileges, you must have a responsible official state in an affidavit or declaration the justification for said privilege, it is insufficient to merely state the privilege exists, be it in a privilege log or otherwise. Should your office refuse to produce documents based upon burden, an affidavit explaining and outlining the scope of the burden is required. See, *King v. Conde*, requiring that an affidavit be submitted "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (citation omitted). Again, please turn these documents over or provide a privilege log and declaration.

Further, your office has asserted they are not turning over documents that are more than 10 years prior to the incident. Please indicate if these documents exist and what those documents are, then provide a privilege log explaining the basis for their exclusion from production.

### B. Identities of NYPD/City-employee/Corizon witnesses present at or near any portion of the incident, have knowledge of the incident, created any documents regarding and/or referencing the incident, were involved in and/or witnessed the medical treatment of decedent, MERCADO, and created any documents regarding the medical evaluation or treatment of decedent MERCADO.
(Interrogatories Request Nos. 1, 2, 3, 7, and Document Request Nos. 2, 3, and 4)

2

These discovery demands seek, *inter alia*, the identification of City-employees, Corizon employees, including members and/or employees of the New York City Board of Corrections, employees and contractors of the Department of Health and Mental Hygiene, and employees of the Health and Hospitals Corporation, and NYPD witnesses present at or near any portion of the incident, as well as identification of individuals who were responsible for the custody of the detainees in custody at the same time and place as decedent MERCADO, and individuals referenced in or who created entries in prisoner rosters, log entries, cell occupancy records, holding area records, transport records, clinic records, audio and/or video recordings, and documents of whatever kind and nature referencing the location of decedent MERCADO, as well as identification of individuals who were responsible for the medical care, treatment, and escort of decedent MERCADO.

In response, defendants interposed a number of objections: to the wording of the request; to relevance; assert that the request is impossible to comply with as worded; state that they do not have access to Health and Hospitals Corporations' records as it is a separate legal entity, and maintain that defendants are capable of producing only documents that showing the names of NYPD, DOC, and Corizon employees who documented decedent's arrest, detention, and medical condition while in City custody. Additionally, defendants state they have requested further NYPD documents "for the sole purpose of determining whether or not they contain information as to decedent's health condition at the time of his arrest and NYPD detention." City's Response to Plaintiff's Combined Discovery Demands, No. 1, pages 2-3.

As to the relevance objections, plaintiff submits the identities contained in the documents requested in Document Request No. 3, whether or not they contain information as to decedent's health condition at the time of his arrest, are essential for fact-gathering purposes and bear directly on his federal claims. Indeed, the identities requested are of the potential witnesses to plaintiff's disclosure that he was diabetic and to defendants' failure to accommodate decedent MERCADO'S disability. Accordingly, this request falls squarely within the ambit of Fed.R.Civ.P. 26(b)(1). Asking for information on potential witnesses is about as straightforward and uncontroversial a discovery demand as the Federal Rules contemplate. Please reevaluate if your office intends to maintain this objection.

Defendants state that plaintiff can gather the information requested during depositions. Whether or not plaintiff may corroborate information during depositions is irrelevant to defendants' discovery obligations under the Federal Rules of Civil Procedure. Gathering this information and providing it to plaintiff is the defendants' responsibility under the Rules. Local Rule 33.3(a) of the United States District Court

3

for the Southern District of New York specifically contemplates interrogatories "seeking names of witnesses with knowledge of information relevant to the subject matter of the action..." Merely stating there are additional discovery vehicles to obtain information is not a legally cognizable objection.

If defendants intend to maintain that they are unable to ascertain the identities of the persons referenced in Interrogatories Request Nos. 1, 2, 3, 7, and Document Request Nos. 2, 3, and 4, please provide an affidavit from a person with actual knowledge concerning the efforts made to identify the subject persons.

Accordingly, plaintiff maintains she is entitled to all production sought pursuant to Interrogatory Requests Nos. 1, 2, 3, and 7, and Document Requests No. 2, 3, and 4. Additionally, please refer to the list at the end of this letter for a list of specific outstanding documents.

C. **Identity of all persons, including Corizon and City employees, who were interviewed, either formally or informally, by any investigator concerning decedent MERCADO, including the investigators who questioned persons.**
(Interrogatory Request No. 8 and Document Request No. 5)

This demand seeks, *inter alia*, the identification of any and all individuals who were interviewed by an investigator as well as the identities of the investigators. The defendants object to this request based on its wording and state it is impossible to comply with as worded. Additionally, defendants allege they have no knowledge of any State or Federal criminal investigation involving interviews of its employees or of any investigation other than the internal DOC investigation conducted by Ebony Thomas. Defendants state they have made a request for any other final draft of Ms. Thomas's preliminary report but have yet to provide responsive information. Defendants' response ignores that the New York State Commission of Correction conducted an investigation and issued a final report. Accordingly, defense counsel is expected to provide the identification of the employees identified above and of the reports generated, and supporting source material, reviewed during an investigation.

If defendants intend to maintain that they are unable to ascertain the identities of the persons referenced in Interrogatory No. 8 and Document Request No. 5, please provide an affidavit from a person with actual knowledge concerning the efforts made to identify the subject persons.

Additionally, the New York State Commission of Correction refers to the

following documents within its Final Report:

1. DOC admission Suicide Prevention Screen
2. Arraignment and Classification Risk Screening Form
3. NYC DOC videotape from AMKC intake area
   a. Identification of the correction officers cited in this videotape was made by NYC DOC ID personnel during the Commission's interviews at AMKC.
4. NYC DOC ID videotape
5. NYC DOC initial admission interview, dated 8/23/13
6. NYC ID Preliminary Investigative Report
7. Emergency Health Care Log
8. NYC DOC Operation Order: Processing and Monitoring New Admissions
9. New Admission Log Book
10. Main Clinic Medical Expeditor Log Book
11. Medical Expeditor Log Book
12. AMKC Main Clinic A Post Security Logbook
13. Final Investigative Case Report

Defendants are requested to provide the documents listed above, items 1-13, including the identities of the correction officers made by NYC DOC ID personnel during the Commission's interviews at AMKC. If defense counsel has provided the following documents, as listed above, please confirm the following:

Item 1 is the same document as Exhibit E, Bates No. 64;
Item 2 is the same document as Exhibit C, Bates Nos. 17-18;
Item 4 is the same document as Exhibit G, Bates Nos. 153-163;
Item 6 is the same document as Exhibit K, Bates Nos. 294-306;
Item 9 is the same document as Exhibit K, Bates No. 318;
Items 10-11 are the same documents as Exhibit G, Bates Nos. 130-137.

**D.  Identity of every medical facility and individual that treated or examined decedent MERCADO.**
(Interrogatory Request No. 9 and Document Request No. 7)

This demand seeks, *inter alia*, the production of the identities of every medical facility and individual that treated or examined decedent MERCADO. The defendants maintain they are aware of only the person who filled out decedent's Arraignment and Classification Screening Form, the person who took the decedent's urine sample at Rikers, and the individuals who provided emergency treatment to the decedent in the

intake area of Rikers. If defendants intend to maintain that they are unable to ascertain the identities of the persons referenced in Interrogatory No. 9 and Document Request No. 7, please provide an affidavit from a person with actual knowledge concerning the efforts made to identify the subject persons.

Defendants state they have requested the identities of the person who filled out decedent's Arraignment and Classification Screening Form and of the person who took decedent's urine sample but have yet to provide this information. Accordingly, defendants are expected to provide the identification of those individuals.

Additionally, defendants are again requested to provide the corresponding documents listed in Document Request No. 7.

    E.    **Identity of every type of document that is generated pursuant to Corizon or City practice or policy whenever there is a prisoner medical complaint, prisoner medical emergency, or prisoner death.**
(Interrogatory Request No. 10)

This demand seeks the identity of the types of documents or records from both Corizon and the City that would have been generated concerning the incidents from August 22, 2013 to August 24, 2013. In response, defendants object to this request as overbroad and yet also state they have requested that the NYPD, DOC, and Corizon identify any documents that might be generated in response to a prisoner medical complaint, prisoner medial emergency, or prisoner death. The documents sought by plaintiff are relevant to his federal claims and clearly within the scope of Fed.R.Civ.P. 26(b)(1). Defense counsel has not alleged that the request is unduly burdensome or made any such showing. Accordingly, defendants are requested to amend their response to this interrogatory request and to identify the documents requested.

    F.    **The identity of all persons who were in custody of the City at the same time and location as decedent Mercado and of all person in the AMKC clinic new admission pen with decedent Mercado on August 24, 2013.**
(Interrogatory Request No. 12 &13, and Document Requests Nos. 2 & 3)

This request seeks the names of persons who potentially witnessed the actions and inactions from August 22, 2013 to August 24, 2013, that led to decedent Mercado's death. Defendants object to the disclosure of the identities of these persons as their identities *may* be sealed pursuant to N.Y. C.P.L. § 160.50.

Without waiving plaintiff's right to seek the identities of persons whose criminal proceedings have been sealed, defendants are requested to produce the information concerning the identities of persons whose records are not sealed.

With respect to the identities of persons whose records are sealed, defendants' invoke state law privilege against disclosure, however, the "sealing" effect of N.Y. C.P.L. § 160.50 only begins upon the termination of a criminal action or proceeding. Here, defendants have merely declared their privilege under § 160.50, without laying the foundation for that privilege by asserting that any criminal actions or proceedings against non-party arrestees have indeed been terminated. As such, defendants' reliance upon § 160.50 is misguided until such a foundation for the objection is properly interposed. As to the merits of the § 160.50 objection, to the extent defendants rely on that state law privilege to avoid their discovery obligations under the Fed.R.Civ.P., such privileges fail since "[q]uestions of privilege in cases involving federal claims are governed by federal law." *Thompson v. Lynbrook Police Dep't*, 172 F.R.D. 23, 25 (E.D.N.Y. 1997); *see also Bulow v. Bulow*, 811 F.2d 136, 141 (2d Cir. 1987); *Lehman v Kornblau*, 206 F.R.D. 345, 347-348 (E.D.N.Y. 2001); *King* at 187. This conclusion makes sense in light of the Congressional policy underlying Section 1983 actions, namely, that state law should not be allowed to inhibit an individual's ability to vindicate his or her federal civil rights. *Woodard v. City of New York*, 99-CV-1123 (ILG)(MDG), 2000WL516890,*3 (E.D.N.Y.Mar.10,2000).

### G. Production of all documents previously requested in Plaintiff's New York State Court Order to Show Cause dated October 8, 2013 and granted on October 31, 2014.
(Document Request No. 2)

The documents requested provide relevant information regarding the circumstances surrounding the decedent MERCANDO's death. Defendants object to the characterization of this request, erroneously stating the Plaintiff's Order to Show Cause was denied except for one document that was previously provided. The October 8, 2013 State Order to Show Cause requested the preservation of evidence, particularly due to the relevance of this evidence. The preservation order was granted, here we request the documents which were explicitly preserved in the October 8, 2013 Order of the New York State Supreme Court. See Exhibit 2.

Additionally, defendants contend that NYPD documents are irrelevant unless they contain medical or health information regarding decedent at the time of his arrest and during NYPD custody. Plaintiff asserts that these documents are relevant beyond decedent MERCADO's medical and health information as these documents provide the identities of witnesses, persons near decedent MERCADO, information that is critical to

7

establishing that decedent MERCADO told officials he was diabetic and was not treated for his disability. As such, NYPD documents which include information beyond decedent MERCANDO's medical or health information at the time of his arrest and during NYPD custody should be provided. Accordingly, defendants are requested to amend their response to this document request and to provide the documents requested.

> H. **Produce all documents, without time limitation, concerning decedent MERCADO's prior arrest(s) and detention(s), including but not limited to all documents concerning decedent's medical, physical, and mental condition.**
> (Document Request No. 6)

The documents requested are essential for fact-gathering purposes and bear directly on decedent MERCADO's federal claims. In response, the defendants object that the request is overbroad and state that, out of 16 arrests, nine of decedent MERCADO's arrests are beyond NYPD's ten year retention policy. Defendants identify Exhibits A, I and J of the City's November 25, 2014 initial disclosures for decedent MERCADO's arrest history and for his 2006 and 2007 inmate file.

The documents sought by plaintiff are relevant to his federal claims and clearly within the scope of Fed.R.Civ.P.26(b)(1). Defense counsel has not alleged that the request is unduly burdensome or made such showing. Additionally, the Final Report of the New York State Commission of Correction refers to three additional arrests in decedent MERCADO's criminal history: (1) 7/15/89; (2) 11/22/92; and (3) 7/26/13, two of which are beyond the stated ten year retention policy of the NYPD. Stating that nine of decedent MERCADO's arrests are beyond the NYPD's ten year retention policy does not confirm that the documents pertaining to those arrests do not exist. Accordingly, defendants are requested to amend their response to these document requests, specifically, to confirm that the documents pertaining to decedent MERCADO's arrests on the following dates and with the following arrest identification numbers no longer exist:

| Arrest ID | Arrest Date |
| --- | --- |
| Q89010809 | 03/18/1989 |
| M89063924 | 07/15/1989 |
| K90058082 | 10/04/1990 |
| K90071980 | 12/10/1990 |
| Q92037988 | 11/22/1992 |
| K01050187 | 05/24/2001 |
| K01058680 | 06/19/2001 |
| K01103158 | 12/14/2001 |

8

K02008122          02/08/2002

Plaintiff reserves the right to demand documents older than 10 years after defendants provide the documents for the last ten years.

I.    **Produce any and all documents for the period of August 24, 2008, to the present, in the possession, custody or control of Corizon concerning each person identified in Interrogatory No. 4.**
      (Document Request No. 10)

This demand seeks documents concerning Corizon employees on duty at AMKC at approximately 9:00 a.m. on August 24, 2013. Defendants object based on prejudice and contend it is impossible to comply with the request as the individual identities of the Corizon employees on duty at AMKC, referenced above, are not yet known. Fed.R.Civ.P. 26(b)(1) clearly states parties are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." Relevant information is not limited to evidence that will be admissible at trial. Documents pertaining to the identified Corizon employees' history of inmate care, inmate intake procedures, *inter alia*, are relevant to decedent MERCADO's federal claims and fall clearly within the scope of Fed.R.Civ.P. 26(b)(1). Accordingly, defendants are requested to amend their response to this document request and to produce the documents requested.

J.    **Produce job descriptions for all positions held by persons identified in Interrogatory No. 4 from August 24, 2008, to the present.**
      (Document Request No. 11)

This demand seeks the job descriptions for all positions held by Corizon employees on duty at AMKC at approximately 9:00 a.m. on August 24, 2013. Defendants respond by stating that a request will be made to Corizon for the above referenced information. Defendants are requested to amend their response to this document request and to provide the requested documents.

K.    **Produce all documents concerning the retention and destruction of documents including medical and nursing records, patient records, inmate death reviews and investigations, other medical reviews and investigations, formal and informal complaints and investigations, personnel files, employment records, employee disciplinary histories and background investigations, and company policies.**
      (Document Request No. 12)

9

This demand seeks the written retention and destruction policies for the above referenced records. Defendants respond by stating that a request has been made to Corizon for the above referenced information. Defendants are requested to amend their response to this document request and to provide the requested documents.

> L. **Produce all documents concerning policies and procedures concerning the intake, custody and care of diabetic persons, or concerning the conduct described in the Complaint. These documents include, but are not limited to, training materials, operation orders, directives, policies, procedures, protocols, institutional orders, handouts, memoranda or other writings.**
> (Document Request No. 13)

Defendants respond that a request has been made to DOC and Corizon for any written policies regarding the intake, custody and care of diabetic persons in effect in August of 2013. Without explanation or objection, defendants have narrowed the scope of the requested documents to policies only, and only those in effect in August of 2013. This request clearly seeks additional documents: training materials, operation orders, directives, protocols, institutional orders, handouts, and memoranda or other writings and does not limit these documents to those produced or in effect in August of 2013. The documents requested would provide meaningful discovery, relating to decedent MERCADO's claims that defendants denied him proper medical care, or were deliberately indifferent to, or otherwise neglected his need for medical care, as well as his claims the defendants failed to properly train employees and failed to put adequate policies in place concerning the treatment of diabetic persons in custody. Accordingly, defendants are requested to amend their response to this document request and to provide all of the requested documents.

> M. **Produce all documents concerning any policies or procedures that defendants claim governed their conduct concerning medical care for decedent MERCADO during the period August 22, 2013, to August 24, 2013.**
> (Document Request No. 14)

Defendants respond by stating that a request has been made to the DOC and Corizon for the above referenced information and directs plaintiff to documents indexed on http://www.scoc.ny.gov/manuals.htm. Defendants are requested to amend their response to this document request and to provide the requested documents.

> N. **Produce any and all documents reflecting changes to the policies,**

10

> **procedures, protocols, and customs of the City or Corizon regarding the responses to Documents Requests Nos. 13 and 14.**
> (Document Request No. 15)

Defendants object to this request as it is not limited in time while also responding that a request has been made to DOC and Corizon for any changes to written policies regarding the intake, custody, and care of diabetic persons since August 24, 2008.

Defendants are requested to amend their response to this document request and to provide the requested documents.

> **O.    Produce all documents created from August 1, 2003, to the present concerning investigations into interactions between employees of the City and/or Corizon with diabetic persons requiring or requesting medical attention.**
> (Document Request No. 16)

Defendants object to this request as overbroad and burdensome as to employees of the City for the past eleven and a half years and object to the request as vague, unclear and seeks information that is not material or relevant to any issue in this action. However, defendants fail to state the specific and precise ways in which this request is overbroad, vague and unclear, as required by Fed.R.Civ.P. 34. Additionally, without providing a specific reason, defendants limit the period for the documents requested to August 2008, to August 2013. As to defendants material and relevance objections, the investigations requested speak to conduct similar to that alleged in the Complaint and are relevant to a pattern of misconduct clearly relevant to decedent MERCADO's federal claims. *See Melendez v. Greiner,* 2003 WL 22434101 *3 (S.D.N.Y. Oct. 23, 2003), citing *Ismail v. Cohen,* 899 F.2d 183, 188 (2d Cir. 1990) (citations omitted). Accordingly, defendants are requested to amend their response to this document request and to provide the requested documents from the requested period of August 1, 2003 to the present.

> **P.    Produce all Notices of Claim filed with the Office of the Comptroller of the City of New York, for the period from August 1, 2003, to the present, alleging negligence and/or deliberate indifference, including wrongful death, concerning the medical care of a diabetic person in the custody of the NYPD and/or DOC.**
> (Document Request No. 21)

Defendants object to this request, stating it is impossible to comply with as

worded and reply that the Law Department is not in control of the Office of the Comptroller and thus, does not have the ability to search all notices of claim filed with the Office of the Comptroller. Defendants direct plaintiff to contact the Division Chief of Claims Support and set up an appointment to search the index maintained at One Centre Street, New York, New York.

To the extent the defendants maintain they do not represent the Comptroller's Office, it is a massive deviation from the law department's practice. Should this be the position of defense counsel, we take it to mean that we can engage in settlement negotiations directly with your client, and will do the same absent an appropriate response here. Additionally, we will propound this request in a subpoena. "Production may be ordered when a party has the legal right to obtain papers, even though he has no copy, and regardless of whether a paper is beyond the jurisdiction of the court." *Buckley v. Vidal*, 50 F.R.D. 271, 274 (S.D.N.Y. 1970) citing Wright, Federal Courts, § 87, at 386-387 (2d ed. 1970). Please review your response and let us know if this is actually the position of the law department.

> **Q. Produce all lawsuits filed in state and/or federal court, for the period from August 1, 2003, to the present, alleging negligence and/or deliberate indifference, including wrongful death, concerning the medical care of a diabetic person in custody of the NYPD and/or DOC.**
> (Document Request No. 22)

Defendants object to this request, stating it is impossible to comply with as worded as the Corporation Counsel has never indexed cases in such a way and thus, has no way to search past cases involving the medical care of diabetic persons. This information is within the custody and control of both the law department and your clients. Please supplement your response or provide an affidavit from a knowledgeable record keeper explaining how this information is unavailable or provide the documents.

> **R. For the period from August 1, 2003, to the present, produce all lawsuits filed in state and/or federal court alleging negligence and/or deliberate indifference, including wrongful death, concerning the medical care of a diabetic person by Corizon or any of its predecessor entities.**
> (Document Request No. 23)

Defendants object to the eleven and a half year time span and limit the period to August 2008, to August 2013, without stating a valid reason as to why the documents

requested should be limited to that period. Accordingly, plaintiffs request defendants produce the requested documents for the requested period, from August 1, 2003 to the present. It should be noted that even with the unilateral limitation in time, no documents have been produced.

> **S.     Produce all complaints, allegations and requests for investigation concerning any allegation of negligence and/or deliberate indifference, including wrongful death, concerning the medical care of a diabetic person in the custody of the City from any source (including, without limitation the Legal Aid Society Prisoners' Rights Project and the New York City Board of Correction) and responses by Corizon or the City with respect to such complaints, allegations, or requests for investigation. Responsive documents include, without limitation, allegations directed or referred to the Investigation Division and "Inmate Reports" forwarded by the Inmate Grievance Committees of the facilities.**
> (Document Request No. 24)

Defendants object to this request on the basis that it is not limited in time, is overbroad, and seeks information that is not material or relevant to any issue in this action. While defendants have requested the above information, they limit the time period to August, 2008 to August, 2013, without providing an explanation or reason the limitation. The defendants' objections are conclusory and fail to state supporting, specific reasons as to why the time period should be limited or why the request is overbroad. Clearly, the documents requested, pertaining to the medical care of a diabetic person in the custody of the City, are relevant to the plaintiff's claims of unconstitutional conduct and negligent training and hiring. Accordingly, plaintiffs request defendants produce the requested documents. Again, even with the unilateral limitation in time, no documents have been produced.

> **T.     Produce all summaries, tabulations or compilations of data with respect to the care or treatment of diabetic persons in the custody of the City, together with any analyses of this data, including, without limitation, information collected for the central office and the Commissioner's review at "TEAMS" meetings.**
> (Document Request No. 26)

Defendants object to this request stating it is overbroad and seeks information that is not material or relevant to any issue in this action. The documents requested are essential for fact-gathering purposes and bear directly on decedent MERCADO's federal

13

claims. Additionally, defense counsel has not alleged that the request is unduly burdensome. Accordingly, defendants are requested to amend their response to this interrogatory request and to identify the documents requested.

    U.    **Produce Corizon's annual Profit and Loss Statements from 2008 to the present.**
(Document Request No. 29)

Defendants object to the request for seven years worth of records and state a request has been made to Corizon for their two most recent annual profit and loss statements. In support of their objection, defendants cite *M.H. V. County of Alameda*, 2014 U.S. Dist. LEXIS 44852 (N.D. Cal. Mar. 29, 2014). Clearly, this case is not controlling law as the citation refers to an Order issued by the Northern District of California. Additionally, absent any allegations by the defendants of undue burden, or a showing of the same, the Federal Rules contemplate a liberal scope of discovery as long as the documents requested are relevant to the subject matter of the claims and reasonably calculated to lead to admissible evidence. *See Morse/Diesel, Inc., v. Fidelity and Deposit Co. or Maryland*, 122 F.R.D. 447 (S.D.N.Y., 1988). Clearly, Corizon's Profit and Loss Statements provide insight into Corizon's financial status and are relevant to the claims for punitive damages in the instant matter. Accordingly, defendants are requested to provide the Profit and Loss Statements from the last five years.

    V.    **Plaintiff hereby requests that defendants permit entry upon land and/or property to inspect, videotape, and/or photograph all areas where decedent MERCADO was held in custody during the period August 22, 2013, to August 24, 2013 (from the time decedent MERCADO was initially detained by NYPD officers until his death).**
(Request For Entry Upon Land)

Defendants object to this request by stating that the security, procedural and financial hurdles to the NYPD and DOC outweigh the plaintiff's need to inspect the area as allowing plaintiff to inspect the area would delay prisoner transport to Rikers and would affect Central Booking and Precincts in all five boroughs. Additionally, defendants allege the City would not be able to guarantee the safety of anyone attending the inspection. Defendants contend that the photographs of the holding cell where decedent MERCADO became ill and the thirteen hours of videotape of the intake area are sufficient for the plaintiff's inspection. "The Second Circuit has held that with regard to a Rule 34 inspection, 'the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection.'" *Ehrlich v. Inc. Village of Sea Cliff*, No. CV 04-4025 (LDW)(AKT), 2007 U.S. Dist.

LEXIS 39824 *3 (E.D.N.Y. May 31, 2007), citing *New York Assoc. for Retarded Children v. Carey*, 706 F.2d 956, 961 (2d. Cir. 1983).

The relevance of the information the plaintiff's inspection would provide is of utmost importance to plaintiff's claims in this matter as an inspection of the premises would provide details of the particular sites which are not evident from photographs or videos. While defendants allege this inspection would cause delay of prisoner transport and Central Booking, defendants objections are conclusory as defendants fail to state how, exactly, an inspection would cause this delay. Accordingly, defendants are requested to allow plaintiff entry upon land.

### A List of Documents Defendants State They Will Produce, but Have Not

For convenience, the following is a list of documents defendants have stated that they intend to produce, but have not yet provide:

1. Additional NYPD documents regarding decedent MERCADO's arrest and detention;
2. Roll Calls for the dates and shifts of any NYPD precinct or facility where decedent MERCADO was detained prior to his transfer to DOC custody;
3. The names of all Corizon employees working in the intake area of Rikers at 9 a.m., on August 24, 2013;
4. The Corizon employee who obtained an urine sample from decedent MERCADO;
5. The identity of NYPD and FDNY/EMS persons who spoke with decedent MERCADO;
6. The identity of the person who filled out the Arraignment and Classification Screening Form;
7. Any other or final draft of Ms. Thomas' preliminary investigative report;
8. The identity of NYPD, DOC, and Corizon documents that might be generated in response to a prisoner medical complaint, prisoner medical emergency, or prisoner death;
9. Job descriptions for all positions held by persons in the AMKC clinic's new admission pen with decedent MERCADO on August 24, 2013;
10. Corizon's written retention policies for medical and nursing records, patient records, inmate death reviews and investigations, formal and informal complaints and investigations, personnel files, employment records, employee disciplinary histories and background investigations, and company policies;
11. The DOC's and Corizon's written policies that defendants claim governed their conduct concerning the medical care of decedent MERCADO;
12. Whether there were/are any changes to the DOC's and/or Corizon's written policies regarding the intake, custody, and care of diabetic persons since August 24, 2008;
13. The DOC's and/or Corizon's documents concerning any investigation(s) concerning DOC or Corizon employees and the death of any diabetic person in

DOC custody from August, 2008 to August, 2013;
14. DOC and Corizon contracts, agreements, and/or memoranda of understanding including contribution and/or indemnification concerning medical services provided by Corizon to the DOC, in effect on August 24, 2013;
15. Any lawsuits in which Corizon was a named defendant involving medical care of a diabetic person from August, 2008 to August, 2013;
16. Complaints, allegations, or requests for investigations concerning the quality of medical care of a diabetic person within the DOC's custody made by any individual or entity as well as the NY Board of Corrections', DOC's, or Corizon's response from August, 2008 to August, 2013;
17. Any DOC and Corizon documents containing data, and any analysis of that data, on the care or treatment of diabetic persons in DOC custody, including any information collected for the central office of the Commissioner's review at "TEAMS" meetings;
18. Corizon's two most recent, annual profit and loss statements;
19. The following NYPD documents:
    a. NYPD Supporting Affidavits;
    b. UF-61s;
    c. Aided Cards;
    d. Video Recordings;
    e. Audio Recordings;
    f. Aided Reports;
    g. Memobook or DAR entries;
    h. Interrupted Patrol Log Entries;
    i. DD5s;
    j. UF-250s;
    k. Assault Reports;
    l. Witness Statements;
    m. Unusual Occurrence Reports;
    n. Tactical Plans;
    o. Medical Treatment of Prisoner Forms;
    p. Complaints Lodge with the IAB;
    q. IAB Investigation Files.

## CONCLUSION

I trust we can work out many of these items informally. However, we would appreciate a written response on any item the defendants do not plan on providing as well as an estimate on when we can expect the documents defendants are anticipating producing. Should production not take place rapidly, we will move the court for the requested relief.

Very best regards,

David B. Rankin

cc:   Plaintiffs (*via first class mail only*)