USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 22, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LINDA MERCADO, individually and as administrator of the estate of CARLOS MERCADO,

                Plaintiff,

-v-

THE CITY OF NEW YORK et al.,

                Defendants.

------------------------------------------------------------X

14-cv-6775 (KBF)

MEMORANDUM DECISION & ORDER

KATHERINE B. FORREST, District Judge:

This case—asserting a Monell claim as well as various § 1983 and other claims—was filed on August 21, 2014. (ECF No. 1.) Corizon and the City answered on November 9, 2014 (ECF No. 9), and the individual defendants answered the amended complaint on May 15, 2015 (ECF No. 130); they did not move against the Monell claims. On November 14, 2014, the Court set a discovery schedule. (ECF No. 10.) Discovery has been ongoing ever since and is set to close on November 9, 2015. (ECF No. 149.) Based on the defendants' current motion before the Court—to stay Monell discovery and bifurcate those claims from the others (ECF No. 171), and a motion to compel Monell discovery brought by plaintiff (ECF No. 179), it is now clear that the defendants have resisted making Monell discovery to date. There is no basis for such a position and it is surprising, in light of the Court's prior order, that the Court is only learning of this now. Defendants should have been

producing Monell discovery long before now.  It appears that, at some point, defendants gave themselves a unilateral stay of discovery on those claims.

For the reasons set forth below, defendants' motion is DENIED and plaintiff's motion is GRANTED IN PART.  If ever there was a case for Monell claims to proceed to trial together with the underlying claim, this is it.  The Court's directive is, "get to it!"

## I. Bifurcation of Monell Claims

All three of the pending Monell claims have been in this action since it was filed on August 21, 2014.  (ECF No. 1.)  In response to the plaintiff's prior attempt to get Monell discovery (ECF No. 25), the Court issued an Order on March 11, 2015 stating that the Monell claims remain live and the Court's expectation was that such discovery would be ongoing (See ECF No. 32).  The Court has never subsequently indicated that Monell discovery was stayed or would be held in abeyance.  Thus, to the extent defendants argue only now that it would be burdensome to produce the discovery plaintiff seeks in this regard by the November 9, 2015 discovery cut-off, that is a timing burden they have placed on themselves by waiting to file this motion until the eleventh hour and not making productions earlier.

Bifurcation—of discovery or trial—is not warranted in this case.  This is precisely the type of case in which one trial on all issues—including the Monell issues—is proper.  Plaintiff alleges that Carlos Mercado went into a diabetic coma while in custody at the Anna M. Kross Center ("AMKC") and died shortly

thereafter.  (Second Amended Complaint ¶ 20, ECF No. 34.)  Plaintiff alleges that over a two day period from Mr. Mercado's arrest on August 22, 2013 until his death on August 24, 2013, numerous City and Corizon employees saw Mr. Mercado's physical signs of being in mental distress, including vomiting and falling unconscious on the floor, and failed to provide medical treatment or intervene on his behalf despite Mr. Mercado's requests for assistance.  (Id. ¶¶ 18-19, 21.)  The Court has reviewed the surveillance video that plaintiff submitted to the Court on a thumb drive, which shows multiple people in the vicinity of Mr. Mercado seemingly fulfilling different job functions stepping over Mr. Mercado's body, arguably ignoring his condition.  If what plaintiff alleges is correct, defendants' conduct could well implicate, inter alia, a failure to train and/or supervise in a manner supportive of a Monell claim.  That will be for the jury to decide.

Moreover, in contrast to many typical Monell claims, the three Monell claims plaintiff alleges here all involve evidence that is likely also relevant to plaintiff's claims against the individual defendants.  This is a somewhat rare situation in which the Monell claim itself finds arguable support in terms of breadth of practice in the events involving plaintiff alone.

Plaintiff's first Monell claim alleges that there is a City or Corizon custom and practice of not providing emergency care to AMKC inmates during intake processing, a claim that plaintiff asserts will be supported by the AMKC intake surveillance video, the official reports of the State Commission on Corrections and the New York City Department of Corrections and the testimony of the individual

3

defendants themselves. Plaintiff's second Monell claim alleges that the City failed to properly train employees, a claim that plaintiff asserts will be supported by the individual defendants' testimony as to lack of relevant training. Plaintiff's third Monell claim alleges that the City and Corizon failed to discipline employees for not providing emergency care to AMKC inmates during intake processing, a claim relevant to the individual defendants' conduct. In short, the discovery and evidence at issue with respect to each of plaintiff's Monell claims are substantially intertwined with that of plaintiff's individual claims.

Against this close nexus between plaintiff's Monell and individual claims, defendants do not present the exceptional circumstances that call for departure from the standard practice that all claims in a case will be resolved in a single trial. See, e.g., Jeanty v. Cnty. of Orange, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005). Further, the Court agrees that, because plaintiff's evidence supporting the Monell claims may also be relevant to proof of individual liability, bifurcation would be a waste of time, delay the proceedings and waste judicial resources. As such, bifurcation would not advance the goals of Fed. R. Civ. P. 42(b).

II. Scope of Monell Discovery

On October 9, 2015, plaintiff moved to compel production of documents sought in plaintiff's Fourth Request for Documents No. 13, and Fifth Request for Documents Nos. 1 and 2. (ECF No. 179.) Pursuant to the Court's October 15, 2015 Order (ECF No. 180), on October 16, 2015 plaintiff filed a letter explaining precisely what discovery she needs to proceed on her Monell claims (ECF No. 182). In

4

addition to the three categories of documents discussed above, plaintiff also stated that she needs the information sought in Request No. 1 of her Fourth Set of Interrogatories, Requests Nos. 1, 2 and 22 of her Sixth Document Request, as well as two other categories of documents. The Court construes that letter as a motion to compel these additional categories of documents. Defendants responded to plaintiff's letter on October 20, 2015. (ECF No. 191.) Plaintiff's motions to compel are GRANTED IN PART, as follows:[1]

1. Plaintiff's Fifth Document Request No .1:
   a. GRANTED IN PART. Defendants shall produce documents sufficient to show patient, date and treatment. Information relating to the provision of emergency medical care to AMKC inmates during intake processing is evidence that defendants would proffer to meet plaintiff's claims.
2. Plaintiff's Fourth Document Request No. 13:
   a. GRANTED. Plaintiff's request for "compilations" is by its terms sufficiently limited. Statistical compilations concerning deaths of inmates at AMKC during intake processing relate to defendants' awareness of, and actions relating to, problems during intake processing.
3. Plaintiff's Fifth Document Request No. 2:

---

[1] The Court is unclear what timeframe plaintiff seeks—and could live with—as to each category below. The narrowest possible timeframe (say 6 months to one year prior to the events at issue) should govern.

5

    a. GRANTED IN PART. Defendants shall produce the requested materials for all those deposed in this action, limited to complaints within three months of the events at issue in this case. Complaints against these officers may, here, be relevant to plaintiff's failure to discipline claim.

4. Plaintiff's Fourth Set of Interrogatories No. 1; Plaintiff's Sixth Document Request No. 22:

    a. GRANTED. These requests are absolutely core to the Monell claims. These requests provide information relevant to the existence or likelihood of a need for emergency care during intake processing at AMKC, and responses thereto.

5. Plaintiff's Sixth Document Requests Nos. 1 and 2:

    a. GRANTED. These requests are core to the Monell claims. The information sought relates to training issues central to plaintiff's failure to train claim.

6. Documents concerning the City's implementation of any or all of the American Diabetes Intake Medical Assessment Guidelines as set forth in the American Diabetes Association report, "Diabetes Management in Correctional Institutions":

    a. GRANTED. These requests are relevant to plaintiff's claim regarding the failure to provide emergency care for a diabetic condition during intake.

7. Documents concerning any City policy concerning the taking of blood glucose levels of diabetic new admissions inmates prior to the routine medical evaluation conducted as part of intake processing:

  a. GRANTED. These requests are similarly core to the Monell claims regarding the identification of medical issues and the provision of emergency medical care.

8. Plaintiff's requests for depositions of proposed defendants Alcindor, Weatheral, and Grier:

  a. The Court has already granted this request in its October 21, 2015 Order. (ECF No. 192.)

Finally, the Court notes that on September 10, 2015, plaintiff had also moved to take more than ten depositions. (ECF No. 162.) That motion was granted in part by the Court's September 18, 2015 Order. (ECF No. 170.)

The Clerk of Court is directed to terminate the motion at ECF Nos. 162 and 179.

SO ORDERED.

Dated:    New York, New York
          October 22, 2015

                                          _____
                                          KATHERINE B. FORREST
                                          United States District Judge